ANTON SCHULTZ, Landlord-Appellant, *v.* JOHN VON DER BORN, Impleaded with Others, Tenant-Respondent.

(Supreme Court, Appellate Term, February, 1908.)

New trial — Proceedings to procure new trial — Time for application — Effect of delay or laches.

    Where, at the time of the granting of a final order in summary proceedings in favor of the landlord, he was seventy-seven years old and in good health and clear mind, an order vacating

40

said final order of removal, made six years after, when the physical and mental powers of the landlord have become so impaired that he is unable to testify, will be reversed as an improper exercise of discretion.

APPEAL by the landlord from an order of the Municipal Court of the city of New York, eighth district, borough of Manhattan, vacating a final order of the Municipal Court, entered January 8, 1901, in this proceeding, by which possession of the demised premises was awarded to the landlord for default in payment of rent.

George W. McAdam (Brainard Tolles, of counsel), for appellant.

Beatty & Burlingame (Robert C. Beatty, of counsel), for respondent.

*Per Curiam.*    Landlord by written lease leased to the tenant premises in the borough of Manhattan.

On January 4, 1901, a petition charging default in the payment of rent for the months of November and December, 1900, and January, 1901, was served on the tenant.

A final order was made as follows:

" The landlord appears on January 8th, 1901, and demands rent, or possession of the premises within mentioned for non-payment of rent.

" The tenant appears and time consented to.

" Final order is therefore made this 8th day of January, 1901, in favor of said landlord, awarding to said landlord delivery of premises within described, by reason of tenant's non-payment of said rent.

" Warrant issued January 14, 1901.

" HERMAN BOLTE,<br>" <i>Justice.</i>"

Thereafter, and on November 24, 1903, the tenant commenced an action in the Supreme Court, county of Queens, against the landlord, and alleged in his complaint that, in 1892, by written lease, he had become the lessee of the

premises above referred to, for the term of twenty-one years, from May 1, 1892; that, upon February 1, 1895, the lease was modified, the landlord agreeing to give plaintiff the privilege of purchasing the premises leased at any time before January 1, 1900, for $35,000, and that, between February 1, 1895, and January 1, 1900, the plaintiff had paid to defendant various sums aggregating $10,000, which sums the landlord agreed to accept from the tenant on account of said purchase price with the express understanding and upon the express agreement that, if tenant should not elect to make said purchase, then said sum should be returned to plaintiff with six per cent. interest, or be applied upon the rent under said lease; that the time to make the election to January 1, 1900, had expired, and that, in the year 1900, and subsequently, tenant had demanded the return of said sum, or, in default thereof, that the same be applied upon the rent, and that landlord had refused either to return said sum, or apply the same on the rent.

The answer of the landlord in said action set up the proceedings in the Municipal Court above referred to as a former adjudication and bar.

The plaintiff had a verdict, but the judgment was reversed by the Appellate Division of the Second Department on the ground that the adjudication in the Municipal Court was conclusive evidence that plaintiff owed the defendant the rent alleged to be due in the petition, and that the defendant had the right to remove him for the nonpayment thereof, which could not be the case if the defendant landlord had then in his hands $10,000 to be applied on any rent due.

Plaintiff tenant appealed to the Court of Appeals, giving stipulation for judgment absolute, and the decision of the Appellate Division was affirmed.

After this decision, tenant, in June, 1907, made a motion to vacate the final order entered in the Municipal Court.

Affidavits show that the landlord was seventy-seven years old in 1901, and was then of reasonably good health and clear mind; that since then his physical and mental powers have become so impaired that he is unable to give any testimony.

Under these circumstances we think that the motion made in June, 1907, to open the default, if default it was, taken in January, 1901, comes too late; and we think that the learned justice improperly exercised his discretion in making the order appealed from.

The order appealed from should be reversed, with costs.

Present: GILDERSLEEVE, SEABURY and GERARD, JJ.

Order reversed, with costs.